THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ELIJAH BAPTIST, Defendant-Appellant.

First District (4th Division)   No. 77-485

Opinion filed August 24, 1978.

954

James J. Doherty, Public Defender, of Chicago (Robert T. Badesch, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Rimas F. Cernius, and Thomas V. Gainer, Jr., Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from the circuit court of Cook County. After a jury trial, the defendant, Elijah Baptist, was found guilty of the offenses of murder and attempt armed robbery. The trial judge entered judgment on the verdict and sentenced the defendant to a term of from 60 to 80 years in the Illinois State Penitentiary. The defendant appeals from his conviction.

The defendant raises a number of issues for review. We need only consider two of them for the resolution of this appeal. Those issues are (1) whether or not the trial court erred in allowing the testimony of a prosecution witness regarding a letter which had not been received in evidence; and (2) whether or not the opening statement of the prosecutor was prejudicial and inflammatory.

The facts of the case are the defendant was arrested and subsequently indicted for murder and attempt armed robbery. The defendant was 16 years of age at the time of the offense and he was properly transferred to the adult criminal jurisdiction. On the first day of trial, defense counsel presented a motion in limine with a supporting memorandum of law to

the trial court. The purpose of the motion was to restrict the testimony presented to the jurors to the crime of which the defendant was accused. The prosecution represented to the trial court the evidence concerning subsequent crimes would tie the defendant into their commission. The trial judge denied the motion in limine and stated the failure of the prosecution to tie the defendant into these subsequent acts would result in a mistrial. The prosecutor then made his opening statement. In the course of the opening statement the prosecutor referred to a major defense witness in the following manner, "I further expect and submit to you that you will be shown that Carl Dawson, the defense witness, is a liar and is guilty of indictable perjury." The defense counsel objected and the trial court sustained the objection.

■■■ The first issue we need consider on review is whether or not the testimony of the prosecution's witness, Annie Carter, with reference to a letter she claimed to have received from the defendant was relevant to the issues being tried by the jury. Two eyewitnesses to the shooting were killed by gunshot prior to trial. One of these eyewitnesses was Leo Carter, brother of Annie Carter. Annie Carter was allowed to take the stand and testify she had received a letter, purportedly from the defendant, threatening her and her family if her brother testified against the defendant. The witness also testified the letter had been destroyed two weeks prior to trial when her house had burned down. There was no other testimony by anyone concerning whether or not the letter had ever existed, although she claimed she received the letter two years before trial. The prosecutor stated he had only learned of the supposed existence of the letter the day prior to trial. The rule of evidence concerning lost or destroyed documents was clearly stated by our supreme court in *People v. Carter* (1968), 39 Ill. 2d 31, 36-37, where the court stated:

" 'Where the destruction or loss of an original document is claimed, the circumstances should be shown, so as to rebut any inference of fraudulent design by the party seeking to introduce a copy or parole evidence or, to show that the original was not initially concealed, destroyed or disposed of for the purpose of introducing a copy.' (4 Callaghan's Evidence 186, sec. 6.19)."

In the instant case the prosecution did not make any attempt to show a fire had occurred or to introduce any evidence the letter had ever existed, beyond the testimony of the witness, who, given the circumstance of her brother's murder, could hardly be called unbiased. The trial judge erred in permitting this testimony absent some showing by the prosecution a diligent search was made to either find someone else who had seen the letter or even a search to show the letter could have been destroyed in the fire, if indeed the fire occurred.

■■ The second issue we will consider is the statement by the prosecutor

in reference of Dawson, the defense witness, who testified he was driving past and saw the shooting by three men and the defendant did not resemble any of them. The statement by the prosecutor about Dawson being a liar clearly resulted in substantial prejudice to the defendant. It could have destroyed the credibility of the witness in the minds of the jurors, even before they heard him testify. The State urges the defendant suffered no prejudice and further urges the remarks were made in good faith. This line of reasoning is specious and without merit, and denies the defendant a fair trial. The Illinois Supreme Court in *People v. Stahl* (1962), 26 Ill. 2d 403, 406, stated:

> "\* \* \* reversal is not warranted unless it appears that the improper remarks complained of influenced the jury in a manner that resulted in substantial prejudice to the accused."

In the instant case it is clear the jury would be substantially affected by these remarks of the prosecutor and a mere instruction by the trial judge for them to disregard the remarks would not cure the error.

Accordingly, for the reasons contained herein, the judgment of the circuit court of Cook County is reversed and the cause is remanded for a new trial.

Reversed and remanded.

JOHNSON, P. J., and ROMITI, J., concur.