THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ALAN COLE, Defendant-Appellant.

Third District No. 78-125

Opinion filed February 1, 1980.

1106

Robert Agostinelli and Peter A. Carusona, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Petka, State's Attorney, of Joliet (John X. Breslin and Rita F. Kennedy, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of this court:

This appeal was brought by the defendant, Alan Cole, from his conviction for armed robbery. The only issue raised on appeal is whether the defendant was so prejudiced by the prosecutor's closing argument to the jury as to deprive the defendant of a fair trial. In addition to denying that the closing argument was so prejudicial to the defendant as to warrant a reversal and remandment, the State contends that the defendant waived this issue by failing to object to the prosecutor's statement.

In closing argument, the prosecutor made the following allegedly prejudicial remarks:

"Randy Keller's credibility is in issue in the trial. And it's one you are going to have to resolve. Of course, it's true of all the witnesses. I think you will have to admit that the young man is a credible witness.

Credibility deals with truthfulness. It deals with the issue of whether or not he is to be believed. I think you will admit that the young man does not likely come into this court and condemn another man for the sheer pleasure of it. Nor did he hesitate or show any doubt as to who the perpetrator of this crime was.

* * *

That's called impeachment. That shatters credibility. And she [Georgeann Raptis] stands before you impeached.

The other alibi witnesses know each other, have known Allan

Cole, know Georgeann Raptis. I think their natural bias and interest is also obvious.

Then you got to ask yourselves if you are going to believe Georgeann Raptis and Alan Cole and the alibi witnesses. Is there one iota of truth in the testimony of the witnesses for the State. You have got to find that Randall Keller is lying. You got to find that Officer Tencza and Slewoski and Officer Cassata are lying. You have got to find that Investigator Gans and the other witnesses of the State are lying.

Is there any reason they should lie? Is there any reason why Officer Cassata would come into court and say that Georgeann Raptis gave this statement? Why would he lie about something like that? Why would he lie about the fact that Georgeann Raptis gave him the statement putting herself there at the time of the crime? What's to be gained by doing that?

❋ ❋ ❋

Suffice it to say, ladies and gentlemen, that in view of the fact that Georgeann Raptis stands before you seriously impeached, I certainly won't call her as my witness. I certainly couldn't vouch for her credibility in doing so. She is one of the king pins upon which this case is balanced. When that king pin was destroyed under the force of cross-examination, I think it became rather obvious at that point, that she wasn't telling the truth. I think it also became rather obvious Georgeann Raptis was covering for Alan Cole."

●■ ■ Where no objection is made by the defendant to allegedly prejudicial argument, unless the comments were so prejudicial as to deny the defendant a fair trial or so flagrant as to threaten the deterioration of the judicial process, the propriety of the remarks will not be considered. (*People v. Ross* (1978), 60 Ill. App. 3d 857, 377 N.E.2d 230.) In *Ross* it was determined that a prosecutor could characterize the testimony of alibi witnesses as bias and the totality of the testimony as a cover-up because of the inconsistencies in their testimony. The assertion, however, that a witness lied must be founded on the evidence. (*People v. Lewis* (1976), 38 Ill. App. 3d 995, 349 N.E.2d 528.) Otherwise such a comment would be improper. (*People v. Valdery* (1978), 65 Ill. App. 3d 375, 381 N.E.2d 1217.) Here the prosecutor stated his belief Ms. Raptis was not telling the truth and was covering for the defendant. Of course, such a statement made in opening argument, before the jury has an opportunity to observe and hear the witness, would be improper. *People v. Baptist* (1978), 63 Ill. App. 3d 953, 380 N.E.2d 968.

■■ Credibility of witnesses is always an issue in any trial. Where a

witness has been shown to have made prior inconsistent statements, it is permissible for the jury to infer that the witness' testimony is a fabrication. Since this is a permissible inference, a suggestion that the jury adopt such an inference is within the proper bounds of closing argument.

■■ In a similar vein, it is improper for the prosecutor to place the integrity of the office of the State's Attorney behind the credibility of a witness. (*People v. Valdery* (1978), 65 Ill. App. 3d 375, 381 N.E.2d 1217.) Although the defendant complains that the prosecutor lent support to the credibility of Keller, the prosecutor's argument does not indicate that the jury should believe Keller merely because the prosecutor vouches for the integrity of the witness. Instead, the argument focuses on the inferences related to credibility which might logically be drawn from the demeanor of the witness. Since the jury may draw these inferences, counsel may comment upon them. What is to be avoided, however, is an expression of the prosecutor's personal belief in the credibility of the witness. (*United States v. Phillips* (7th Cir. 1975), 527 F.2d 1021.) For this reason, the prosecutor's comment that he could not vouch for the credibility of Raptis was improper. Whether this remark, alone, is so prejudicial as to deny the defendant a fair trial need not be decided because other remarks made by the prosecutor during closing argument are and the court expects that this impropriety will be rectified on retrial.

■■ For the prosecutor in this case to inform the jury that in order to believe the defense witnesses the jury must find that each of the State's witnesses were lying is such a misstatement of law as to prejudice the defendant and deny him a fair trial. (*United States v. Vargas* (7th Cir. 1978), 583 F.2d 380. See also *United States v. Phillips* (7th Cir. 1975), 527 F.2d 1021.) A review of the testimony of all the witnesses clearly establishes that the jury could fully believe the testimony of some, if not all, of the State's witnesses and still find the defendant not guilty. For example, the jury could have believed Keller was telling the truth, to the best of his recollection, but was merely mistaken as to identity. Officer Gans testified only as to the chain of custody of certain items taken from the person of the defendant by another police officer. Certainly the jury need not find that Investigator Gans lied to find the defendant not guilty. There are a number of similar examples, but the most absurd is the prosecutor's reference to someone named Slewoski when the record does not demonstrate that anyone by that name testified before the jury.

Accordingly, the judgment of the Circuit Court of Will County is reversed and the cause is remanded for a new trial.

Reversed and remanded.

ALLOY and SCOTT, JJ., concur.