THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* FRANK ROMAN, Defendant-Appellant.

Second District No. 79-673

Opinion filed July 23, 1981.

704

Mary Robinson and Josette Skelnik, both of State Appellate Defender's Office, of Elgin, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Robert L. Thompson and Barbara A. Preiner, Assistant State's Attorneys, and Phyllis J. Perko, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Frank Roman, the defendant, was convicted of armed violence, aggravated battery and reckless conduct following a jury trial. He was acquitted of the offense of attempt murder. Judgment was entered only on the armed violence conviction, and defendant was sentenced to six years in prison. He appeals, contending that the armed violence statute is unconstitutional, that the jury's verdicts were legally inconsistent and that the prosecutor's closing argument denied him a fair trial.

Defendant claims the statute is unconstitutional on the basis that it is vague and overbroad, violative of due process and equal protection, and constitutes cruel and unusual punishment in that it could allow double enhancement of the penalty for an offense through the use of the same factor, the presence of a weapon. Defendant made no legal argument in support of these claims other than to cite the circuit court decision in *People v. Haron*, which found the statute unconstitutional on several grounds.

The Illinois Supreme Court recently rendered its decision in *People v. Haron* (1981), 85 Ill. 2d 261. There, defendants limited their attack upon the armed violence statute to essentially three contentions. Their first contention was that the statute is vague and overbroad in failing to state whether the weapon must be used in the commission of the underlying

felony. The court rejected that argument, finding that the statute clearly did not require use of a weapon or any connection between the presence of the weapon and commission of the predicate felony.

Defendants' second argument concerned the possible double enhancement of a misdemeanor into the Class X felony of armed violence based on the presence of a weapon. The court determined that the legislature did not intend to allow double enhancement and construed the armed violence provisions so as to preclude their application to acts which, if committed while unarmed, would be misdemeanors.

Defendants' final contention was that a mandatory six-year minimum sentence, as applied to a nonviolent deliverer of cannabis, is not reasonably related to the evil sought to be remedied and thus violates due process. The court found this question was prematurely raised because defendants had not been convicted or sentenced.

Here, defendant was charged with two counts of aggravated battery (the predicate felony for the armed violence count), in that in committing a battery he caused great bodily harm to the victim (Ill. Rev. Stat. 1979, ch. 38, par. 12—4(a)) and that he committed a battery while armed with a deadly weapon (Ill. Rev. Stat. 1979, ch. 38, par. 12—4(b)). The jury was instructed to find defendant guilty of aggravated battery if it found either that he was armed with a deadly weapon or caused great bodily harm. Thus, the indictment and jury instructions allowed for the possibility of the double enhancement forbidden by *Haron.* However, the record indicates that the victim suffered great bodily harm beyond a reasonable doubt so that defendant was not prejudiced.

Defendant is not in a position to raise the due process attack on the sentencing provisions left undecided in *Haron*, because he was convicted of a violent felony, and the weapon which triggered the armed violence conviction was actually used in the crime. Whether the sentencing provisions for armed violence are unconstitutional as applied to cases where the underlying felony is nonviolent and the weapon has no connection to the crime is not involved in this case. See *People v. Campbell* (1974), 16 Ill. App. 3d 851, 853; *People v. Kline* (1974), 16 Ill. App. 3d 1017, 1022.

Thus we conclude that defendant was not aggrieved by the application of the armed-violence statute in this prosecution.

The offenses charged arose from an incident on November 5, 1978, at an apartment complex. The victim, Kenneth Page, testified that about 8 a.m. on November 5, defendant came to the apartment where Page was staying and complained about something Page had allegedly said to defendant's children the day before. The incident ended with Page slamming the door on defendant. Page subsequently saw the defendant looking into Page's girlfriend's van in the parking lot; an argument ensued with some pushing; defendant then drove his pickup truck ahead while

Page had his hand on the hood in front of the truck. Page called the police and was told to come down to the station and file a complaint.

Page testified that when he went out towards the parking lot to go to the station he saw defendant crouching by a building corner about 50 feet away, and observed a gun in his hand. Page slowed down and defendant began walking directly towards him pointing the gun at Page's head. Defendant approached to about 3 feet away and said to him "All right, you son-of-a-bitch _ _ _, I saw you coming, and you are going to get it." At this point he said the gun was only a foot from his head and he pushed it in the air by hitting defendant's wrist. A shot was fired. Page then testified that defendant took a step or so back while Page was still shoving him and trying to stay close when another shot went off wounding Page in the hand. The victim said that as he was falling to the ground he was shot again in the back.

There was disputed evidence from other witnesses as to whether Page was shot while on the ground.

Defendant testified that after he had been confronted and physically attacked by Page he went into his apartment and placed a gun in his pocket for self-protection; he was again confronted by Page outside, the latter stating "I finally caught up with you"; defendant pointed the gun at Page in an effort to convince him not to come closer and began backing away while Page threatened to take the gun away and attack him. Defendant said that as he was backing away he bumped into a bench and turned around and at this point Page grabbed the gun; that during the struggle the weapon accidentally discharged three times; and that he did not intend to either kill Page or to fire at him.

Defendant argues that the verdicts finding him guilty of both reckless conduct and aggravated battery arising from these facts are legally inconsistent for the reason that a person cannot logically be said to act recklessly and intentionally with respect to the same acts.

Initially, we address the State's contention that the claim of inconsistency in the verdicts was not raised at trial or in defendant's post-trial motion and is therefore waived. (*People v. Tannenbaum* (1980), 82 Ill. 2d 177, 180, 181.) We reach the merits, however, under the plain-error rule (Ill. Rev. Stat. 1979, ch. 110A, par. 615(a)), inasmuch as the claim of error goes directly to the validity of the judgments of conviction. *Tobin v. Illinois* (1882), 104 Ill. 565, 567.

As the defendant notes, in order to find him guilty of aggravated battery, the jury was required to find that he intentionally or knowingly caused bodily harm to Page (Ill. Rev. Stat. 1979, ch. 38, pars. 12—3, 12—4); and in order to find him guilty of reckless conduct, the jury had to find that he consciously disregarded a substantial risk that his acts would cause harm to Page (Ill. Rev. Stat. 1979, ch. 38, pars. 4—6, 12—5).

Based on the record in this case, the jury could have rationally concluded that defendant had different states of mind when he fired the several shots. There was evidence that the first shots were fired during a struggle with the victim and that the last shot was fired while the victim was prone on the ground. The jury could have found that defendant acted recklessly in firing the initial shots and knowingly with respect to the final shot. Cf. *People v. Acevedo* (1976), 40 Ill. App. 3d 105, 113; *People v. Gross* (1977), 52 Ill. App. 3d 765, 771-72.

Defendant maintains that in *Gross* and *Acevedo* there were more than one victim, whereas here there is a single victim. The fact that several shots were fired at a single person, as opposed to several persons, does not preclude the possibility that defendant's mental state changed during the course of the shooting. The jury reasonably could have decided that defendant did not intend to shoot Page until the struggle ensued and one or more shots were fired.

Defendant's contention that the prosecutor's closing argument denied him a fair trial is subject to the initial infirmity that the statement was not objected to at trial and was not raised in defendant's post-trial motion. Thus, this argument was waived and should be considered only if the remarks were "so prejudicial that defendant did not receive a fair trial and were so flagrant as to threaten deterioration of the judicial process." *People v. Alvarez* (1981), 93 Ill. App. 3d 111, 117.) We conclude that the complained of arguments do not rise to the level of plain error.

In the course of closing argument the prosecutor made the following statement:

"For you to believe Mr. Roman you would have to say that these people are fabricating, that they are lying, and we would submit to you that when you go back to deliberate * * *, you use your own commonsense and everyday experience, and the only possible verdict would be a verdict of guilty of all the charges."

Defendant argues that the comment misstated the law since the jury could have found some or all of the State's witnesses were mistaken, rather than lying.

The prosecutor has a legitimate right to comment upon the credibility of the witnesses and we do not find that the prosecutor flagrantly exceeded this right so as to constitute plain error. Defendant relies principally upon *People v. Cole* (1980), 80 Ill. App. 3d 1105. However, in *Cole*, in addition to the fact that there were a number of improper comments of the prosecutor, the State and defense witnesses did not directly contradict each other and the main issue was identification, a matter about which a witness might easily be mistaken as opposed to lying. A similar concern does not exist in this case, where the question was not identification but the observed conduct of the defendant and the victim.

In our view, it is improper for a prosecutor to argue that a jury would have to find all of the State's agents or witnesses had lied in order to acquit the defendant. The jury might properly return a verdict of not guilty because the evidence is insufficient to convict a defendant beyond a reasonable doubt without requiring the conclusion that certain witnesses were lying. (See *United States v. Vargas* (7th Cir. 1978), 583 F.2d 380, 387.) However, the quoted remarks, although on the edge of propriety, did not rise to the level of plain error inasmuch as the prosecutor did not dwell at length on the topic and did not improperly put his own credibility behind the State's witnesses. Thus we find no reason to relax the rule of waiver.

The judgment of conviction and sentence on the charge of armed violence is therefore affirmed.

Affirmed.

LINDBERG and VAN DEUSEN, JJ., concur.