THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
MOSE CHILDS, Defendant-Appellant.

Third District    No. 80-627

Opinion filed November 12, 1981.

STOUDER, J., dissenting.

Robert Agostinelli and Michael Filipovic, both of State Appellate Defender's Office, of Ottawa, for appellant.

John A. Barra, State's Attorney, of Peoria (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE HEIPLE delivered the opinion of the court:

The defendant Mose Childs was indicted on three counts of attempt (murder) and one count of armed violence. Following a jury trial, Childs was convicted on all four counts. He was sentenced to two consecutive 15-year terms of imprisonment for attempt (murder), and a concurrent 10-year term for attempt (murder) with no sentence being imposed for the armed violence conviction.

Childs advances two issues for review: (1) whether he was deprived of a fair trial by the closing arguments of the prosecutors; (2) whether the trial court erred by considering as an aggravating factor that Childs' conduct caused serious harm to the victims.

Childs asserts that various comments made by the prosecution during closing and rebuttal arguments were improper. During the closing argument the State made the following comments:

"Ladies and gentlemen, I think the thing that jumps out in this case probably above anything else is that this is a case that's going to be decided by you on the basis of credibility of witnesses. You heard quite a bit of testimony from that witness stand. I think the one thing that should jump out to you immediately is that someone was not entirely honest with you from the stand. In fact, someone lied to you from the witness stand, and the evidence, other testimony, showed who, and I think as you'll find out as I talk further, show what, that is, untruths were spoken.

\* \* \*

Now, the evidence shows, ladies and gentlemen, very simply, the defendant lied to you on the stand. But why? Well, the self defense, intoxication, those are ideas not necessarily legal only in nature. They are as far back as cowboy shows that you see on T.V."

During defense counsel's closing argument, he responded to the State's improper claims by stating:

"Now, I was somewhat troubled—am somewhat troubled by the

use of Mr. Holman's—liberal use of the word 'lie'. A lie is something crystal clear, and Mr. Holman's attempt or suggestion to anybody, based upon the conflicting testimony that we heard here, was positively lying, I think is consistent with his attempt to bring some sort of false focus upon what actually happened on this date. It's impossible, it's out of place. It's not proper. I don't say to anyone, and I don't say about anyone, 'You're lying,' or 'He's lying,' or 'I'm lying.' Strong words unless you know for a fact that they're lying, unless you can say without a doubt, 'You're lying, I'm lying, he's lying.' What was there in the evidence that we heard over the last couple of days that allows Mr. Holman to say that Mose Childs lied about virtually everything? The only thing that he can tie it to, the only thing he can base that assertion on, I think, is the testimony of the other witnesses."

In rebuttal argument the State further remarked:

"Now, Mr. Picl for the defense objected to our use of the term that when someone took the stand, someone being several people, I would suggest to you during trial, that they lied to you. Ladies and gentlemen, I don't know of any other term that appropriately fits. I submit to you that unfortunately in all too many criminal cases the people take the stand and perjure themselves, and I submit to you that's what occurred in this case.

DEFENSE ATTORNEY: Judge, I'm going to object to the use of the term 'perjure.'

THE COURT: Objection's overruled.

ATTORNEY FOR THE STATE: Ladies and gentlemen, it will be for you to decide if somebody lied and who, but in making that decision consider the points of contradiction in this testimony that Mr. Holman mentioned in his opening part of the closing argument. Consider these additional points and then you tell us whether or not somebody lied to you when they took the stand and testified in this case. Consider the contradictions, if you will, in the defendant's own witnesses' testimony.

\* \* \*

Consider some other points of contradiction and then you tell us if somebody lied in this trial.

\* \* \*

Just one more example, we submit to you, that why we feel someone definitely took the stand and lied to you in this case. It's now your job to, we submit, determine who.

\* \* \*

What it comes down to, ladies and gentlemen, is, is the defendant lying to you or does the evidence show that Genice Brown and

Henry Moore and O. B. Carpenter and Uncle Bob Hulbert and Officer Cannon and Officer Hlavacek and Mr. Roberts and Officer Pollard and Officer Ganda and Officer Esslinger, are they, all lying to you? That's what you are going to have to decide from the evidence, physical and testimonial and circumstantial."

Initially, we note that most of these comments were not objected to at trial; none were cited as error in the defendant's post-trial motion. The State contends that Childs has waived any error in these statements by failing to raise timely objection. We agree.

■■ The failure to make a timely objection to allegedly improper remarks by the prosecutor effects a waiver of the objection. (*People v. Skorusa* (1973), 55 Ill. 2d 577.) The alleged error must be brought to the attention of the trial court so that the trial court has an opportunity to correct itself or to correct the error. (*People v. Guynn* (1975), 33 Ill. App. 3d 736.) Before plain error may be considered as a means of circumventing the general waiver rule, it must be plainly apparent from the record that an error affecting substantial rights was committed. 58 Ill. 2d R. 615(a).

■■ No such error is apparent from the record in the instant cause. In our examination of the allegedly prejudicial remarks taken in the context of the entire record, including the evidence of Childs' guilt introduced by the State, we find that if any of the State's comments were improper, and we do not find that they are, they did not affect the defendant's right to a fair trial nor any other substantial rights. Many of the prosecutor's comments are general statements that someone lied. These statements were based on the evidence which demonstrated contradictions in the witnesses' stories. They simply all could not be true. The prosecutor may discuss the credibility of the defendant and the witnesses when it is based on the evidence or reasonable inferences therefrom. *People v. Wirth* (1979), 77 Ill. App. 3d 253.

The defendant also complains that the prosecutor misstated the law with respect to the intent element of murder in the closing argument. In making his closing argument, the prosecutor recited the intent instruction to be given the jury as follows: "A person intends an act or intends consequences when basically his conscious objective is to accomplish that result." The prosecutor continued with the following explanation which the defendant claims is improper:

"Now, the question then to pose to yourselves is, did the defendant, through a conscious objective, intend to accomplish the result of shooting at these people? I submit to you the only answer that could come from the evidence that you've heard in this case, all the evidence, is yes. What elements could the defendant have been intending when he, at Wade's Inn, shot at a person three times, not once, not twice, but three times? What else could he

have been intending in that alley when he jumped out from behind the garage and shot at Officer Cannon two times? What else could the defendant have been intending when over in Carver Park he shot at Officer Pollard at least two times, by Officer Pollard's testimony, and by his possibly admitting three or four times? Ask yourselves, ladies and gentlemen, concerning this intent requirement, what else could he have been intending?"

Again, no objection to this statement was made at trial nor was it cited in defendant's post-trial motion. Accordingly, we consider that any error has been waived. We find, however, no error.

■■■ It is unquestioned that the prosecution must show that the defendant had the specific intent to kill. The defendant argues that when the prosecutor spoke of the defendant "intending to accomplish the result of shooting at these people" he misled the jury because the result was mere bodily harm. We agree that intent to accomplish great bodily harm is insufficient for the offense of attempt (murder). (*People v. Harris* (1978), 72 Ill. 2d 16.) However, we find that the complained-of passage, when taken in context with the entire rebuttal argument, does not misstate the law. Reading the selected passages in the context of the entire closing, we do not find that the complained-of passages either obscured the standard of proof (see *United States v. Vargas* (7th Cir. 1978), 583 F. 2d 380) nor denied the defendant a fair trial. Specific intent to kill, a state of mind, may be inferred from circumstances surrounding the defendant's acts, including the use of a deadly weapon. (*People v. Jones* (1977), 55 Ill. App. 3d 446.) It is reasonable to infer that the firing of a deadly weapon at another human being constitutes a substantial step toward the commission of murder. (*People v. Seats* (1979), 68 Ill. App. 3d 889.) Furthermore, we find the jury instructions used, to which no objection has been raised, clearly informed the jury of the requisite intent elements.

Finally, the defendant claims that the trial judge erred in considering as an aggravating factor in sentencing the fact that defendant's conduct caused serious harm to another. By definition, a person commits the crime of attempt (murder) by performing a substantial step toward the offense of murder with the specific intent to kill. (Ill. Rev. Stat. 1979, ch. 38, par. 8—4; *People v. Harris* (1978), 72 Ill. 2d 16.) The defendant argues that implicit in every attempt (murder) is the causation or threat of serious physical harm. The defendant assumes that in setting the penalty for attempt (murder) the legislature must have taken into account the fact that the offense involved harm or threat. Therefore, such factor should not be used to aggravate the length of the defendant's sentence. We do not agree with the premise nor the conclusion.

■■■ It is well established that the proper sentence in a case must be based upon the particular circumstances of each case. (*People v.*

*Perruquet* (1977), 68 Ill. 2d 149.) A number of factors are to be taken into consideration by the trial court when sentencing, and these include that "the defendant's conduct caused or threatened serious harm." (Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3.2.) Thus, the legislature has indicated clearly and unequivocally that a trial court should take such fact into account as an aggravating factor when deciding the severity of the sentence for a defendant. The commission of any offense, regardless of whether the offense itself deals with harm, can have varying degrees of harm or threatened harm. The legislature intended that this varying quantum of harm constitutes an aggravating factor. While the classification of a crime determines the sentencing range, severity of the sentence depends upon the degree of harm and as such may be considered as an aggravating factor in determining the exact length of a particular sentence. That is precisely what the trial judge did in the instant case.

For the foregoing reasons, we affirm the judgment entered in the Circuit Court of Peoria County.

Affirmed.

SCOTT, P. J., concurs.

Mr. JUSTICE STOUDER, dissenting:

I respectfully disagree with the conclusion reached by my colleagues on the issue of whether certain comments made by the prosecutor during closing arguments deprived the defendant of a fair trial. It is my opinion that the comments made relating to the veracity of the defendant and his witnesses were improper and highly prejudicial and, therefore, constituted reversible error.

Comments by prosecutors that a defendant or defense witness is either lying or committing perjury have been consistently condemned as highly improper (*People v. Baptist* (1979), 76 Ill. 2d 19, 389 N.E.2d 1200; *People v. Valdery* (1978), 65 Ill. App. 3d 375, 381 N.E.2d 1217) unless such comments are founded on the evidence. (*People v. Cole* (1980), 80 Ill. App. 3d 1105, 400 N.E.2d 931.) If, however, the comments are found to be improper, they will not constitute reversible error unless they result in substantial prejudice to the defendant. *People v. Baptist* (1979), 76 Ill. 2d 19, 389 N.E.2d 1200.

In addition, a statement by a prosecutor that in order to believe the defendant and his witnesses, all of the State's witnesses must be disbelieved, distorts the burden of proof and can constitute plain error. *United States v. Vargas* (7th Cir. 1978), 583 F.2d 380; *People v. Cole* (1980), 80 Ill. App. 3d 1105, 400 N.E.2d 931.

In the case at hand, the prosecutor not only labeled the defendant

and his witnesses liars and perjurers, but he stated, in effect, that the jury would have to disbelieve all of the State's witnesses in order to believe the defendant.

The issue of credibility was a major factor in the defendant's case. Both defenses of intoxication and self defense were premised upon the credibility of the defendant and his witnesses. There was no evidence of perjury. The jury could have believed that the opinions of the State's witnesses as to the defendant's sobriety were sincerely given and yet concluded the defendant was truly intoxicated.

Liberal comments and even exaggeration about the evidence are permissible during final arguments. However, the substitution of inflammatory rhetoric for fair comment is impermissible. An overzealous prosecutor can exceed the bounds of proper commentary on the evidence and so prejudice the defendant's rights that no further objection or ruling can remove the taint. Under these circumstances the waiver rule can hardly be applicable, and the prejudicial remarks made during final arguments would constitute plain error.

I would conclude in this case that the prosecutor's comments on the veracity of the defendant and his witnesses were improper, prejudicial and substantially impaired the defendant's right to a fair trial. The judgment should, therefore, be reversed, and the case should be remanded for a new trial.