THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
DONALD E. BRATTON, Defendant-Appellant.

Fourth District   No. 4—88—0392

Opinion filed January 19, 1989.

Daniel D. Yuhas and Lawrence J. Essig, both of State Appellate Defender's Office, of Springfield, for appellant.

Craig H. DeArmond, State's Attorney, of Danville (Kenneth R. Boyle, Robert J. Biderman, and Gwendolyn W. Klingler, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

On March 14, 1988, defendant Donald Bratton was charged by amended information with home invasion, residential burglary, and unlawful restraint. The charges stemmed from a domestic dispute between defendant and his ex-wife, who were dating at the time. The dispute occurred on August 2, 1987, in Danville. Defendant pleaded not guilty, and a jury trial commenced on March 14, 1988.

The State's chief witness was complainant Kim Bratton. The chief witness for the defense was defendant. Their testimony established they were married on August 4, 1986. Their marriage bore a son. They were divorced on June 8, 1987, although several matters were pending final resolution. After their divorce, the couple continued to see one another on occasion.

Complainant testified on August 2, 1987, defendant telephoned at her home in the early morning hours and they discussed their marriage. Complainant stated she thought defendant may have been drinking, and they talked "for quite a while." Because she felt defendant had been drinking, complainant told him not to visit her at that time. Nevertheless, defendant called her several times requesting to visit with her, and she finally called the police. Michael Tranchant, deputy sheriff for the Vermilion County Sheriff's Department, testified he arrived at complainant's home and talked with someone he believed was defendant over the telephone, and told defendant not to visit complainant that evening.

After Officer Tranchant left the premises, complainant heard a loud noise at the front door. She approached and observed defendant break through one of the door's wooden panels, reach through and unlock the door, and enter complainant's home. She grabbed a telephone and called the police. She testified defendant came toward her

and jerked the telephone cord out of the wall. He then threw her on the floor and held her there. She felt an object at her throat she thought was a pocketknife. She stated defendant asked her why she was trying to get him in trouble with the police. At that point, she struggled free and left her home. Outside, she met Officer Tranchant, who stated she was distraught and sobbing. Officer Tranchant entered the home, saw defendant there, and arrested him.

Officer Tranchant testified he observed the broken panel in the wooden door and a floor rug in disorder. He stated he did not find a knife on defendant, at the scene, or in the vicinity. Also, he did not observe any damage to the telephone or telephone cord, or any damage to the telephone connection to the wall. He also said he observed a rug burn on complainant's left knee.

Defendant admitted he broke the panel on the front door and entered complainant's home. He stated he intended to talk with complainant concerning his love for her and the rearing of their son. He claimed he did not force complainant to the floor or harm her in any manner. Defendant denied he was in possession of a knife and stated the only pocketknife he owned was left at his apartment when he went to visit complainant. Defendant's sister testified she discovered the pocketknife at his apartment a day after his arrest.

At the conclusion of the trial, the jury acquitted defendant of home invasion. The jury returned verdicts of guilty for residential burglary and unlawful restraint. A sentencing hearing was held on May 13, 1988. After presentation of evidence, the trial court imposed concurrent terms of five years' imprisonment for residential burglary and one year's imprisonment for unlawful restraint. Notice of appeal was timely filed on May 31, 1988.

On appeal, defendant argues the prosecutor made improper comments during closing argument of the trial, and defendant was convicted improperly of both residential burglary based upon unlawful restraint and unlawful restraint, because unlawful restraint is an included offense of residential burglary. We hold the first issue has been waived and, as to the second, we conclude both convictions cannot stand.

Defendant argues during his closing argument the prosecutor presented unsworn testimony of his own actions in contrast to those of the defendant, and the prosecutor vouched for the credibility of his chief witness. According to defendant, on several occasions during his closing argument the prosecutor improperly included his personal experiences:

"I would suggest yes, that there were times they tried to get

back together. No one likes divorce. I know I didn't like it. But I do know that when I got divorced, I didn't feel I could then bust the panel out of my wife's—my ex-wife's door and go in there to talk to her. I figured, you know, she was living there now; and I don't have keys to the place. I can't just go in there when I want to. I can go in there when she says, 'Sure, come on in. Let's talk.' But when she says no and the police have already told me no also, I don't figure I can go in there anymore.''

Defendant also points to the following portion of the prosecutor's closing argument:

"It's not when he can't get back together with Kim that he leaves his wallet, his change, just grabs the keys and takes off and parks the car two blocks away. It's when he knows the police have been out there because he's upset with Kim for that, and he's going out there to hold her down and to get her to stop calling the police. Unlawful restraint. He detained her. He went in there with that intent, not to get back together with her. He didn't leave then. He left after only talking to the police.

And look at his state of mind. I left the house this morning; and to be honest, I was in a bit of a rush because I was trying to vote on the way here. But I still remembered my wallet; I still remembered my loose change if I'm just going over. But no, he was angry because he just grabbed one thing and he took off because the police have now been involved. And that is the mood he's in.''

Finally, in arguing that the prosecutor improperly expressed his own personal opinion about the veracity of his chief witness, defendant points to the following portion of the prosecutor's argument:

"Well, you heard Kim Bratton testify. You heard [Officer] Mike Tranchant, the defendant, and his sister Connie Gumm. Obviously, as Kim Bratton testified, there isn't any question. Why should you believe her rather than the defendant's story? Well, look at how she acted that evening. Is it not consistent with telling the truth? Look at how she testified. Did she not appear to be telling the truth? And look at Mike Tranchant when he testified to what happened that night.''

■ Initially, we note each case where a party contends that improper comments were made during closing argument must be decided upon its own facts. (*People v. Baptist* (1979), 76 Ill. 2d 19, 29, 389 N.E.2d 1200, 1205.) Before reaching the merits of defendant's

argument, we must consider the State's argument that defendant has waived any right to have his arguments considered on appeal.

■■ ■ Generally, a defendant who fails to object to remarks in closing argument, during the trial or in a post-trial motion waives consideration of those remarks on appeal. (*People v. Whitehead* (1987), 116 Ill. 2d 425, 446, 508 N.E.2d 687, 695, *cert. denied* (1987), 484 U.S. 933, 98 L. Ed. 2d 266, 108 S. Ct. 307.) Requiring timely and specific objection at trial gives the court an opportunity to prevent most errors by sustaining the objection or instructing the jury to disregard improper remarks. (*People v. Jackson* (1981), 84 Ill. 2d 350, 359, 418 N.E.2d 739, 743.) In *People v. Yates* (1983), 98 Ill. 2d 502, 456 N.E.2d 1369, *cert. denied* (1984), 466 U.S. 981, 80 L. Ed. 2d 836, 104 S. Ct. 2364, *habeas corpus granted after remand United States ex rel. Yates v. Hardiman* (N.D. Ill. 1987), 656 F. Supp. 1006, *rev'd* (7th Cir. 1987), 830 F.2d 195, the defendant cited four allegedly improper comments made by the prosecutor during closing argument; however, only one of the comments was objected to at trial and the supreme court stated only the argument objected to at trial was preserved for review. (*Yates*, 98 Ill. 2d at 531, 456 N.E.2d at 1384.) Defendant did not object at trial to any of the comments he now claims were improper, and while he did file a post-trial motion, he failed to object to the comments in that motion. Therefore, defendant has waived consideration in this appeal of remarks made during the prosecutor's closing argument.

●4, 5 Defendant argues the plain error rule, an exception to the waiver rule, applies in this case. The plain error rule is contained in Supreme Court Rule 615 (107 Ill. 2d R. 615). The rule states in pertinent part: "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court." (107 Ill. 2d R. 615(a).) Our supreme court has explained the plain error rule applies where the evidence is closely balanced or the alleged error is of such magnitude that the defendant is denied a fair and impartial trial. (*People v. Walker* (1985), 109 Ill. 2d 484, 504, 488 N.E.2d 529, 538, *cert. denied* (1986), 479 U.S. 995, 93 L. Ed. 2d 598, 107 S. Ct. 598.) The court has also explained Rule 615 has its limits. Specifically, in *People v. Carlson* (1980), 79 Ill. 2d 564, 578, 404 N.E.2d 233, 239, the court stated Rule 615(a) is not a general saving clause preserving all errors not raised at the trial that affect substantial rights. The alleged errors must be so great as to reasonably appear that the jurors had been influenced or prejudiced to the extent they could not be fair or impartial. We, therefore, must determine whether the evidence was closely balanced, and whether the ju-

rors were influenced or prejudiced to the extent that denied defendant a fair and impartial trial. Before we examine the State's Attorney's comments in question, we note, generally, a prosecutor is allowed a great deal of latitude in making closing argument. *People v. Thompkins* (1988), 121 Ill. 2d 401, 445, 521 N.E.2d 38, 57, *cert. denied* (1988), ___ U.S. ___, 102 L. Ed. 2d 156, 109 S. Ct. 187.

Defendant's argument the prosecutor made improper comments during his closing argument that amount to plain error is twofold. First, defendant argues the prosecutor included testimony of his own actions in the closing argument. It is improper for a prosecutor to argue facts not based on any evidence. *People v. Richardson* (1988), 123 Ill. 2d 322, 361, 528 N.E.2d 612, 627.

In *Richardson*, the prosecutor stated, during the defendant's sentencing hearing, that defendant not only robbed a man, " 'but completed the act by urinating on him for his own sheer enjoyment.' " (*Richardson*, 123 Ill. 2d at 360, 528 N.E.2d at 627.) The supreme court found this comment, not objected to at the hearing, was improper but declined to grant relief from the waiver rule because the evidence was not closely balanced and substantial justice was not denied. *Richardson*, 123 Ill. 2d at 360-61, 528 N.E.2d at 628.

■ The two portions of the State's Attorney's closing argument defendant argues were an improper inclusion of the prosecutor's personal knowledge and evidence were improper comments by the prosecutor. These comments were improper because they were not based on any properly admitted evidence. The prosecutor stated his experiences after his divorce and his ability to remember his wallet and loose change when he is hurried. These comments, while improper, were not sufficiently grave to deny defendant a fair and impartial trial and merit a new trial. *Richardson*, 123 Ill. 2d at 360-61, 528 N.E.2d at 628.

■ Defendant's second and final argument that the prosecutor made improper comments in his closing argument is that the prosecutor vouched for the credibility of his chief witness. The credibility of witnesses is a proper subject for comment in closing argument but an attorney may not interject his personal belief in the veracity of their testimony. (*People v. Townsend* (1985), 136 Ill. App. 3d 385, 394, 483 N.E.2d 340, 346-47, *appeal denied* (1985), 111 Ill. 2d 563, 485 N.E.2d 1092.) In *Townsend*, the prosecutor stated, "I believe both those people," while referring to the State's witnesses. The court found these remarks were improper, but not so prejudicial as to constitute a material factor in the defendant's conviction. *Townsend*, 136 Ill. App. 3d at 394, 483 N.E.2d at 346-47.

■ It is also improper for a prosecutor to place the integrity of the office of the State's Attorney behind the credibility of a witness. The prosecutor may, however, comment on the inference related to credibility which might logically be drawn from the demeanor of the witness. (*People v. Cole* (1980), 80 Ill. App. 3d 1105, 1108, 400 N.E.2d 931, 933.) The prosecutor is also entitled to assume the truth of the State's evidence. *People v. Redman* (1986), 141 Ill. App. 3d 691, 702, 490 N.E.2d 958, 965.

In *Redman*, the prosecutor stated in closing argument the State's witness was " 'telling you exactly what occurred.' " The court found this to be within permissible bounds. (*Redman*, 141 Ill. App. 3d at 702, 490 N.E.2d at 965.) In the case at bar, the State's Attorney asked the jury to consider the demeanor of the State's chief witness. From this he commented on an inference of credibility which the jury may have come to from its observations of the chief witness.

Defendant urges the court to follow the holdings in *People v. Martin* (1975), 29 Ill. App. 3d 825, 331 N.E.2d 311, and *People v. Valdery* (1978), 65 Ill. App. 3d 375, 381 N.E.2d 1217. In *Martin*, the court stated a prosecutor cannot comment on the truth or falsity of a witness' testimony because this invades the province of the jury and introduces a prosecutor as a thirteenth juror. (*Martin*, 29 Ill. App. 3d at 829, 331 N.E.2d at 314.) The court reversed the defendant's conviction and ordered a new trial. (*Martin*, 29 Ill. App. 3d at 832, 331 N.E.2d at 316.) *Martin* can be easily distinguished from the current case. While the prosecutor in *Martin* commented on the truth of the State's own witness, the prosecutor also commented on the credibility of the defense witness and suggested defense counsel would use any means to free his client, including suborning perjured testimony from a witness. In addition, the prosecutor commented on defendant's failure to testify, thereby violating defendant's constitutional rights. *Martin*, 29 Ill. App. 3d at 828-32, 331 N.E.2d at 313-16.

In *Valdery*, the defendant's conviction for armed robbery was reversed and remanded for a new trial. *Valdery* can also be easily distinguished from the current case. While the prosecutor attempted to persuade the jury with the authority of his office as State's Attorney and attempted to place the integrity of the office of the State's Attorney behind the credibility of witnesses, both defense and State witnesses, the prosecutor also implied defendant had committed crimes other than the one for which he was on trial, the prosecutor characterized defendant's alibi defense as fabrication, and finally the prosecutor suggested, without foundation in the record, that defendant's father set fire to records important to the case. *Valdery*, 65 Ill.

App. 3d at 378-79, 381 N.E.2d at 1219-20.

■ The prosecutor's comment concerning the credibility of the State's chief witness was not improper. The comment concerning the credibility of complainant was a comment on an inference relating to credibility which might be logically drawn from her demeanor. However, even if this comment is considered improper, it, along with the improper inclusion of testimony of the prosecutor's own actions, did not rise to the level of impropriety found in *Martin* and *Valdery*. Therefore, the State's Attorney's comments did not prejudice the jury or deny the defendant a fair trial.

We also note the trial judge instructed the jury closing arguments should be confined to the evidence and to reasonable inferences drawn from the evidence. The judge also stated closing arguments are not evidence and any statement or argument made by the attorneys not based on the evidence should be disregarded. It must be presumed the jurors followed the court's instructions. (*People v. Jackson* (1986), 145 Ill. App. 3d 626, 642, 495 N.E.2d 1207, 1220.) Instructions of this sort by the trial court decrease the likelihood that improper remarks in the prosecutor's closing argument rose to the level of plain error. *Jackson*, 145 Ill. App. 3d at 642, 495 N.E.2d at 1220.

■ Finally, we look to the evidence to determine whether it was so closely balanced that application of the plain error rule is warranted. Significantly, defendant admitted he broke the door to complainant's home and entered the home. Complainant testified defendant broke her door and entered her home without her consent, and threw her to the floor, where he restrained her. Officer Tranchant testified he arrived at the scene, found defendant in complainant's home and arrested him there. He also observed a rug burn on complainant's knee. The testimony taken at trial is sufficient to support the jury's verdicts. The evidence cannot be characterized as closely balanced.

■ ■ In conclusion, we note claims of prosecutorial error must be tested against the entire arguments of both the prosecutor and defense counsel so the allegedly improper remarks can be placed in context. (*People v. Cisewski* (1987), 118 Ill. 2d 163, 175-76, 514 N.E.2d 970, 976.) The State's Attorney's remarks were accompanied by questionable remarks by defense counsel during his argument concerning what he believed was the untruthfulness of one of the State's witnesses. In addition, the prosecutor's remarks were few in number within a lengthy argument. Because we find that the improper remarks made by the State's Attorney were not so substan-

tial as to deny the defendant a fair and impartial trial, and that the evidence is not closely balanced but weighs heavily against defendant, the plain error rule exception to the waiver rule does not apply. Thus, defendant has waived review of the three alleged instances of prosecutorial misconduct.

We now turn to defendant's contention both convictions cannot stand. Multiple convictions for closely related conduct are prohibited when the convictions are "carved from the same physical act," or when one conviction is for an included offense of the other. (*People v. King* (1977), 66 Ill. 2d 551, 566, 363 N.E.2d 838, 844-45, *cert. denied* (1977), 434 U.S. 894, 54 L. Ed. 2d 181, 98 S. Ct. 273.) Section 2—9 of the Criminal Code of 1961 (Code) defines the elements of the included offense doctrine as:

" 'Included offense' means an offense which

(a) Is established by proof of the same or less than all of the facts or a less culpable mental state (or both), than that which is required to establish the commission of the offense charged." (Ill. Rev. Stat. 1987, ch. 38, par. 2—9(a).)

In determining whether an offense is an included offense of another, we may look either to the statutory definition of each offense, or to the offenses charged. *People v. Mays* (1982), 91 Ill. 2d 251, 256, 437 N.E.2d 633, 636.

The defendant was convicted of residential burglary and unlawful restraint. Section 19—3(a) of the Code defines residential burglary as follows:

"A person commits residential burglary who knowingly and without authority enters the dwelling place of another with the intent to commit therein a felony or theft." (Ill. Rev. Stat. 1985, ch. 38, par. 19—3(a).)

Section 10—3(a) of the Code defines unlawful restraint as follows:

"A person commits the offense of unlawful restraint when he knowingly without legal authority detains another." (Ill. Rev. Stat. 1985, ch. 38, par. 10—3(a).)

Unlawful restraint was the underlying felony upon which defendant was found guilty of residential burglary. In addition, as defendant maintains, every element of the unlawful restraint offense, as charged, was also charged as an element of residential burglary, because defendant was charged with residential burglary based upon unlawful restraint. Thus, the unlawful restraint offense was pleaded as an included offense of residential burglary. Under *King*, only one conviction and sentence can stand. Accordingly, the judgment on the included offense, unlawful restraint, is vacated. *People v. Arnett*

(1985), 139 Ill. App. 3d 342, 347, 487 N.E.2d 747, 750; see also *King,* 66 Ill. 2d 551, 363 N.E.2d 838.

The judgment of the circuit court for Vermilion County is affirmed in part and reversed and vacated in part.

Affirmed in part; reversed and vacated in part.

SPITZ and GREEN, JJ., concur.