THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RONALD J. McGLASSON, Defendant-Appellant.

Fourth District   No. 4—91—0167

Opinion filed September 19, 1991.

Daniel D. Yuhas and M. Jeffrey Bergschneider, both of State Appellate Defender's Office, of Springfield, for appellant.

Charles Colburn, State's Attorney, of Jacksonville (Kenneth R. Boyle, Robert J. Biderman, and Timothy J. Londrigan, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

After entering a plea of guilty but mentally ill to a charge of home invasion (Ill. Rev. Stat. 1989, ch. 38, par. 12—11(a)(2)), defendant Ronald J. McGlasson was sentenced by the circuit court of Mor-

gan County to serve a term of imprisonment of 12 years. In exchange for his guilty plea, a charge of aggravated kidnapping and a second count of home invasion were dismissed. (Ill. Rev. Stat. 1989, ch. 38, pars. 10—2(a)(5), 12—11(a)(1).) On appeal, the only issue raised is whether defendant is entitled to a new sentencing hearing because the trial court improperly considered as aggravating factors: (1) defendant was serving probation on a misdemeanor conviction at the time he committed the instant offense; and (2) the fact a person was injured inside the home, which defendant argues is a circumstance inherent in the home invasion offense to which he pleaded guilty.

The offense to which defendant pleaded guilty is defined as follows:

"a) A person who is not a peace officer acting in the line of duty commits home invasion when without authority he or she knowingly enters the dwelling place of another when he or she knows or has reason to know that one or more persons is present or he or she knowingly enters the dwelling place of another and remains in such dwelling place until he or she knows or has reason to know that one or more persons is present and
***

2) Intentionally causes any injury to any person or persons within such dwelling place." (Ill. Rev. Stat. 1989, ch. 38, par. 12—11(a)(2).)

Home invasion is a Class X felony. (Ill. Rev. Stat. 1989, ch. 38, par. 12—11(c).) The permissible range of sentencing for a Class X felony is not less than 6 nor more than 30 years. (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—1(a)(3).) Within the statutory range, the sentence to be imposed on the defendant is a matter within the sound discretion of the trial court, and a reviewing court will not overturn the sentence merely because the relevant factors might have been weighed differently, but only on a showing of an abuse of discretion by the sentencing court. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882; *People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541.) In this case, no abuse of discretion occurred.

In considering factors in aggravation, the trial judge made the following comment:

"Number 11 refers to committing an offense while on probation for a felony, a prior felony. This was not a prior felony but he was on probation nonetheless. The court is considering that to be an aggravating factor."

Defendant complains that since the statute refers to probation for a prior felony, the trial court is prohibited from considering the fact he

was on probation on a misdemeanor conviction at the time he committed the offense. See Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3.2(a)(11).

■ In listing the aggravating factors which must be considered by the trial court when sentencing a defendant, the statute does not make this list exclusive. Instead, the court may consider all relevant aggravating factors. It was not an abuse of discretion for the trial court to consider in aggravation that defendant was on probation at the time the offense was committed even though the probation was being served for a misdemeanor conviction.

■ The second statement of the sentencing judge to which the defendant objects is as follows:

"Home Invasion is a terrible offense, no question about it. But Home Invasion where someone is injured, someone struck with the hand when one enters the home, such as the case we had here once before, through the basement door, and places where people are home, and great bodily harm, may well justify more than the minimum sentence."

Defendant argues that in the offense to which he pleaded guilty, it is inherent that a person be in the home and be injured by defendant. He contends that a judge cannot consider elements inherent in the offense as aggravating factors to enhance a sentence. (*People v. Conover* (1981), 84 Ill. 2d 400, 419 N.E.2d 906.) While the fact of injury may not be considered as aggravating, the nature of the force employed and the degree of harm caused to the victim are permissible factors to be considered in aggravation. (*People v. Saldivar* (1986), 113 Ill. 2d 256, 497 N.E.2d 1138; *People v. Childs* (1981), 101 Ill. App. 3d 374, 428 N.E.2d 185.) The trial court's comments cannot be considered in isolation. In addition to the above statement, the trial court also had this to say:

"In this particular case, the defendant, while on probation, threw a cement block through a front window, forcibly removed the victim with a knife, cutting her hair somewhere in the process, from her head—kidnapped her, puts her in an automobile, drives her a hundred miles, or she drives him with a knife pointed at her, and then she escapes only when he gets out, relieving himself.

\* \* \*

\*\*\* Given his continual threat to the community by his demonstrative [*sic*] criminal activity over the course of the entire period of the '80's, and the fact he was on probation at the time of this offense, and the fact this standing alone—indepen-

dent of the criminal history and independent of the violation of probation—the facts alone justify more than the minimum sentence in this case."

At the hearing on the defendant's motion for reconsideration of the sentence, the trial judge again pointed to the factors he considered, stating:

"The key is simply that you consider the charges, of course; his long history of criminality; the fact he was on probation at the time he committed these offenses; awaiting a bed at Gateway in Springfield—this Court has bent over backward to help [defendant]."

The statement of the trial judge in the instant case, which was objected to by defendant, is nothing more than the recognition of the law that the nature or degree of harm to the victim may be an aggravating factor warranting a greater than minimum sentence. The basis for the trial court's sentence was already set forth. No error occurred.

Accordingly, the judgment of the circuit court of Morgan County is affirmed.

Affirmed.

LUND, P.J., and GREEN, J., concur.