THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
EDWARD WILLIAMS, Defendant-Appellant.

Fifth District    No. 5—92—0293

Opinion filed August 24, 1993.

Robert S. Burke, of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Robert Haida, State's Attorney, of Belleville (Norbert J. Goetten, Stephen E. Norris, and Diane L. Campbell, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE RARICK delivered the opinion of the court:

Defendant, Edward Williams, was found guilty after a jury trial of unlawful possession of less than 15 grams of cocaine and sentenced by the circuit court of St. Clair County to an 18-month term of probation. Defendant appeals arguing he was deprived of a fair trial by the prosecutor's closing argument. We affirm.

At trial, the evidence revealed that at approximately 7:42 p.m. on June 30, 1992, Sergeant Mark Koelker and Trooper Bill Moseley of the Illinois State Police were summoned to the scene of an illegal drug delivery in East St. Louis. When the officers arrived at the scene, they found six men standing between two parked cars. The officers exited their car with guns drawn, announced themselves as police, and ordered the men to place their hands on the cars. As Moseley approached the individual suspected of selling drugs, defendant started to walk around one of the two parked cars. Koelker ordered defendant to stop, while following him around the car. Defendant,

now behind one of the cars, reached into his pants pocket, pulled out a brown pill bottle, and dropped it on the ground. After detaining and patting down defendant, Koelker picked up the bottle, which was later determined to contain .3 grams of rock cocaine. Defendant denied dropping any bottle or even walking around the car. Defendant claimed he was just getting out of his car and walking toward the police when he was ordered to "freeze." Three witnesses at the scene, defendant's brothers and a friend, also denied seeing a pill bottle in defendant's possession or seeing defendant drop the bottle. The jury, however, chose to believe the State's witnesses.

Defendant argues on appeal that the prosecutor's closing argument distorted the State's burden of proof and deprived him of a fair trial. Defendant believes that the evidence was closely balanced and argues consequently it was reversible error for the prosecutor to argue that the defense was asking the jury to believe Officer Koelker was lying. The State counters that defendant waived the right to raise the issue on appeal by failing to object at trial or specify the alleged error in his post-trial motion. Moreover, the State asserts, even if the issue were not waived, the prosecutor's closing argument, consisting solely of proper comments upon directly contradictory evidence and the credibility of the witnesses, did not prejudice defendant.

It is well settled that the failure to object at trial to allegedly improper remarks made by the State or to raise such objections in a post-trial motion generally constitutes a waiver of any error on appeal. (See *People v. Henderson* (1990), 142 Ill. 2d 258, 322, 568 N.E.2d 1234, 1265; *People v. Smith* (1991), 222 Ill. App. 3d 473, 485, 584 N.E.2d 211, 219; see also *People v. Enoch* (1988), 122 Ill. 2d 176, 186, 522 N.E.2d 1124, 1130.) Only if the remarks were so flagrant as to threaten deterioration of the judicial process or so prejudicial as to deprive defendant of a fair trial will we consider their propriety under plain error review. (See *People v. Ferguson* (1988), 172 Ill. App. 3d 1, 13, 526 N.E.2d 525, 533; *People v. Cole* (1980), 80 Ill. App. 3d 1105, 1107, 400 N.E.2d 931, 933.) In this instance, we conclude that the complained-of comments do not rise to the level of plain error.

A prosecutor has a legitimate right to comment upon the credibility of witnesses as long as such comments are based upon the evidence or reasonable inferences therefrom. (See *People v. Childs* (1981), 101 Ill. App. 3d 374, 377, 428 N.E.2d 185, 187-88; *People v. Roman* (1981), 98 Ill. App. 3d 703, 707, 424 N.E.2d 794, 798.) Here the testimony of the witnesses was directly contradictory. Koelker testified that, even though ordered to stop, defendant continued to walk

around one of the parked cars and dropped a brown pill bottle. Defendant, on the other hand, claimed he stopped immediately, never walked around the car, and did not throw down a pill bottle. Defendant specifically stated the officer's testimony was incorrect. Clearly both witnesses could not be right. This is not a situation of possible mistaken identity or of the prosecutor vouching for the credibility of a certain witness. (Compare *People v. Wilson* (1990), 199 Ill. App. 3d 792, 796-97, 557 N.E.2d 571, 574; *People v. Ridley* (1990), 199 Ill. App. 3d 487, 493-94, 557 N.E.2d 378, 382; *Cole*, 80 Ill. App. 3d at 1108, 400 N.E.2d at 933, with *People v. Love* (1991), 222 Ill. App. 3d 428, 436, 584 N.E.2d 189, 195; *Roman*, 98 Ill. App. 3d at 707-08, 424 N.E.2d at 798; *People v. Bost* (1980), 80 Ill. App. 3d 933, 953-54, 955, 400 N.E.2d 734, 749, 751.) Either defendant did what he said he did or did what the officer observed. As the prosecutor was merely questioning the credibility of the witnesses, her argument did not prejudice defendant. She did not distort the burden of proof as defendant asserts; in fact, she specifically told the jury the correct statement of the burden of proof. Moreover, defense counsel repeatedly stated the burden of proof and reminded the jury that a police officer's testimony was to be judged the same as any other witness' testimony. And, any other possible prejudice was cured by the tendered jury instructions. We note that arguments of counsel generally carry less weight with a jury than do instructions from the court. (*People v. Lawler* (1991), 142 Ill. 2d 548, 564-65, 568 N.E.2d 895, 902-03.) If error occurred here at all, it certainly was not reversible. Under such circumstances, we cannot say that, without the complained-of comments, the verdict likely would have been different.

For the aforementioned reasons, we affirm the judgment of the circuit court of St. Clair County.

Affirmed.

CHAPMAN, P.J., and WELCH, J., concur.